PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA L. SELZER, | ) | |
| | ) | CASE NO. 1:16CV276 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 27] |

An Administrative Law Judge ("ALJ") denied Plaintiff Victoria Selzer's claims for

Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") after a hearing

held on December 17, 2013.  ECF No. 11 at PageID #: 98.  That decision became the final

determination of the Commissioner of Social Security when the Appeals Council denied the

request to review the ALJ's decision.  *Id.* at PageID #: 57–60.  The claimant sought judicial

review of the Commissioner's decision, and the Court referred the case to Magistrate Judge

William H. Baughman, Jr. for preparation of a Report and Recommendation pursuant to 28

U.S.C. § 636 and Local Rule 72.2(b)(1).  After both parties filed briefs, the magistrate judge

submitted a Report recommending that the Commissioner's decision was supported by

substantial evidence and should be affirmed.  ECF No. 25.  Plaintiff filed objections to the

Report and Recommendation.  ECF No. 27.  Defendant responded that it stands on the merits of

its brief.  ECF No. 28.

(1:16CV276)

For the reasons that follow, the Court overrules the objections, adopts the Report and Recommendation, and affirms the decision of the Commissioner of Social Security.

**I.**

When a magistrate judge submits a Report and Recommendation, a court is required to conduct a *de novo* review of the portions of the Report to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections to the Report must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522--23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial

(1:16CV276)

evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th

Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision

makers. It presupposes that there is a zone of choice within which the decisionmakers [*sic*] can

go either way, without interference by the courts. An administrative decision is not subject to

reversal merely because substantial evidence would have supported an opposite decision." *Id.*

(quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however,

whether substantial evidence supports the ALJ's findings in the instant matter, the Court must

examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt*

*v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also

consider whether the Commissioner employed the proper legal standards. *Queen City Home*

*Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that she is

unable to engage in substantial activity due to the existence of "a medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be

expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A). The claimant's impairment must prevent her from doing her

previous work, as well as any other work existing in significant numbers in the national

economy. 42 U.S.C. § 423(d)(2)(A). Under 42 U.S.C. § 1381, disabled individuals who meet

certain income and resources requirements are entitled to SSI benefits. *See also* 20 C.F.R. §§

416.1100, 416.1201.

(1:16CV276)

**II.**

Plaintiff lodged the following objections:

I.  The magistrate judge applied the incorrect standard of review;

II. The magistrate judge erred in finding that the ALJ's omission of pace and production limitations was not remandable error;

III. The magistrate judge erred in finding that the ALJ properly determined that a significant number of jobs are available for Plaintiff.

ECF No. 27.  The Court reviews the Objections *de novo*.  Because the first argument turns on the others, Plaintiff's argument that the magistrate judge applied the incorrect standard of review will be addressed last.

**A.  Limitations on Pace and Production**

Plaintiff argues that the magistrate judge erred in finding that the ALJ's omission of pace and production limitations was not "remandable error," and in substituting his own analysis for that of the ALJ.  ECF No. 27 at PageID #: 683.  She contends that the exclusion of pace and production standards demonstrates that the ALJ failed to take into account the record as a whole, and, therefore, her decision is not supported by substantial evidence.  *Id.* at PageID #: 687.

Plaintiff highlights that the ALJ gave "considerable weight" to the opinions of State Agency psychological consultants Dr. Irma Johnston, Psy.D. and Dr. Cynthia Waggoner, Psy.D. when evaluating Plaintiff's residual functional capacity.  ECF No. 11 at PageID #: 89.  In her findings, however, the ALJ did not include the psychologists' recommendation that Plaintiff work in a setting free of strict production standards or fast pace.  *Id.* at PageID #: 143, 175.

(1:16CV276)

Plaintiff improperly assumes that an ALJ must adopt every limitation in a state agency reviewing physician's opinion, or explain her reasoning for excluding the limitation.  But under 20 C.F.R. § 404.1527(e)(2)(i), an "ALJ is not bound by any findings made by State agency or psychological consultants, or other program physicians or psychologists."  Courts interpreting this regulation have found that even if an ALJ attributes great weight to a state-reviewing psychologist or physician, she is not required to adopt all of the doctor's recommended limitations.  *See, e.g.*, *Smith v. Colvin*, No. 3:13–CV–776, 2013 WL 6504681, at *11 (N.D.Ohio, Dec. 11, 2013); *Lee v. Colvin*, No. 1:13CV1886, 2014 WL 4999163, at *8--*9 (N.D. Ohio Oct. 7, 2014); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).  Simply put, "there is no legal requirement for an ALJ to explain each limitation or restriction [s]he adopts, or conversely, does not adopt from a non-examining physician's opinion, even when it is given significant weight." *Smith v. Comm'r of Soc. Sec.*, No. 5:11CV2014, 2013 WL 1150133, at *11 (N.D.Ohio, Mar. 19, 2013) (citing *Ford v. Comm'r of Soc. Sec.*, 114 F. App'x 194, 198 (6th Cir. 2004)).

Still, Plaintiff argues that because *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010) held that limitations to simple tasks and superficial interactions do not speak to the issues of pace and productions, the ALJ's exclusion of these limitations demonstrates that she did not consider the record as a whole.  ECF No. 27 at PageID #: 684.  Plaintiff further contends that the magistrate judge agreed that the ALJ's finding was deficient, but substituted his own analysis for that of the ALJ.  *Id.* (citing ECF No. 25 at PageID #: 676).

(1:16CV276)

Plaintiff incorrectly reads *Ealy* to require that an ALJ explicitly include speed- and pace-based restrictions.  In *Ealy*, the Sixth Circuit considered the use of expert testimony as substantive evidence, holding that a vocational expert's testimony in response to a hypothetical cannot serve as substantial evidence if the question did not accurately portray the claimant's physical and mental impairments.  *Ealy*, 594 F.3d at 516.  The *Ealy* ALJ only presented the limitations to simple tasks and superficial interaction in the hypothetical, and did not present issues of pace and production.  *Id.*  The Sixth Circuit found that limitations to simple tasks and superficial interaction do not speak to issues of pace and production, and, therefore, the vocational expert was not presented with a hypothetical that accurately portrayed the claimant's impairments and did not constitute substantial evidence.  *Id.*  Because the vocational expert's response to the hypothetical did not constitute substantial evidence, the *Ealy* ALJ erred in relying on the expert's answer.

Plaintiff strains to extend the reasoning of *Ealy* to this case, arguing that because the ALJ did not incorporate the pace and production limitations in her ultimate decision, she did not consider the record as a whole.  ECF No. 27 at PageID #: 687.  Because ALJs are not required to adopt every limitation in a state agency reviewing physician's opinion, Plaintiff's argument fails.  Furthermore, Plaintiff's argument that the magistrate judge substituted his own reasoning for the ALJ's analysis misinterprets the Report and Recommendation.  The magistrate judge discussed Dr. Johnston and Dr. Waggoner's findings to demonstrate that the ALJ had this information and subsequently made a decision supported by substantial evidence, to distinguish the instant case from *Ealy's* uninformed hypothetical.  ECF No. 25 at PageID #: 676.

6

(1:16CV276)

Finally, Plaintiff argues that the ALJ failed to consider the record as a whole because she focused only on the psychologists' assessments under the "B" criteria.  ECF No. 27 at PageID #: 686.  An ALJ "is not required to recite the medical opinion of a physician verbatim in [her] residual capacity finding."  *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).  Moreover, given that these psychologists found that Plaintiff's impairments "do[] not satisfy the diagnostic criteria" of the "A" criteria in the listings, and found no evidence for any "C" criteria (ECF No. 11 at PageID #: 138, 153, 169–70, 185), the error, if any, is harmless.

For these reasons, the Court overrules Plaintiff's objection.

**B.  Step 5**

Plaintiff argues that magistrate judge improperly found that the ALJ did not err at Step 5.  In considering whether a significant number of jobs exist for someone with Plaintiff's residual functional capacity, the ALJ relied on the job of "housekeeper/cleaner."  ECF No. 27 at PageID #: 687.  Plaintiffs contends this was in error, as she is unable to perform any jobs that involved pulmonary irritants.  *Id.*

In her decision, the ALJ notes that the vocational expert testified that Plaintiff would be able to perform the following representative occupations: housekeeper/cleaner; parking lot; and courier clerk.  ECF No. 11 at PageID #: 92.  The ALJ then concluded that Plaintiff was capable of adjusting to other work that exists in significant numbers in the national economy.  *Id.*

The ALJ's error, if any, was harmless.  In a similar case, *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574 (6th Cir. 2009), the claimant argued that he could not perform two of the three jobs that the vocational expert testified were available.  359 F. App'x at 579.  Because he could

(1:16CV276)

still perform jobs in the third category, which had 2,000 available jobs, the Sixth Circuit held that

a significant number of jobs existed.  *Id.* (citing *Hall*, 837 F.2d at 275); *see also* 20 C.F.R. §

404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in

*one* or more occupations) having requirements which you are able to meet[.]" (emphasis added)).

In this case, even if the housekeeper or cleaner jobs were excluded, the ALJ still

identified parking lot attendant and courier clerk as two other jobs available in significant

numbers in the national economy.  ECF No. 11 at PageID #: 91–92.  This conclusion was based

on vocational expert testimony that there were 3,400 parking lot attendant jobs available

regionally and 126,200 parking lot attendant jobs nationally; and 2,600 courier clerk jobs

available regionally and 183,200 courier clerk jobs nationally.  *Id.*

There is no "one special number" that constitutes a "significant number," and courts are

to evaluate each case individually.  *Hall*, 837 F.2d at 275.  Because there were 6,000 jobs

available regionally and 309,400 jobs available nationally, the Court finds that the ALJ's

conclusion that jobs were available in significant numbers was supported by substantial evidence.

 *See also, e.g.*, *Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1174–75 (6th Cir. 1990)

(2,500 jobs a significant number); *Nejat*, 359 F. App'x at 579 (2,000 jobs a significant number).

The magistrate judge also arrived at this conclusion.  ECF No. 25 at PageID #: 680.

Plaintiff argues that by doing so, the magistrate judge improperly substituted his own analysis of

"significant numbers."  *Id.* at PageID #: 688.  The magistrate judge  merely recited the ALJ's

own analysis in support of his conclusion that the inclusion of housekeeping jobs was harmless.

(1:16CV276)

ECF No. 25 at PageID #: 680 (citing ECF No. 11 at PageID #: 92).  Therefore, the Court finds

that the magistrate judge did not substitute his own analysis.

For the foregoing reasons, the Court overrules the objection as the error is harmless error.

**C.  Standard of Review**

Plaintiff argues that the magistrate judge applied the incorrect standard of review.

Although the magistrate judge correctly noted that the applicable standard of review is the

"substantial evidence" standard, ECF No. 25 at PageID #: 673 (citing *Buxton v. Halter*, 246 F.3d

762, 772 (6th Cir. 2001)), Plaintiff contends that "the same deference does not apply where the

Commissioner failed to follow the proper legal criteria."  ECF No. 27 at PageID #: 682  (citing

*Blankenship v. Bowen*, 874 F.2d 1116 (6th Cir. 1989)).  Plaintiff contends that because the ALJ

failed to follow the proper legal criteria, "h[er] decision cannot withstand review by this Court."

*Id.* at PageID #: 683.

As determined above, the ALJ's decision was based upon proper legal criteria.

Therefore, the Court overrules this objection.

**III.**

For the foregoing reasons, the Court overrules Plaintiffs' objections, adopts the Report

and Recommendation, and affirms the decision of the Commissioner.

IT IS SO ORDERED.

January 31, 2017                          /s/ Benita Y. Pearson
Date                                     Benita Y. Pearson
                                         United States District Judge

9